# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NOE ORTEGA, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 05 C 1934<br>) |
| DEIRDRE BATTAGLIA, | )<br>) |
| Respondent. | )<br>) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Respondent's motion to dismiss Petitioner Noe Ortega's ("Ortega") petition for a writ of *habeas corpus*. For the reasons stated below, we grant Respondent's motion to dismiss in its entirety.

## BACKGROUND

Following a jury trial, Ortega was convicted of first-degree murder and was sentenced to 45 years of imprisonment, which Ortega is currently serving. According to Respondent, Ortega's conviction was on December 12, 1997, but according to Ortega his conviction was on August 17, 2000. Notwithstanding the

1

date of Ortega's conviction, Ortega's conviction and sentence were upheld by the Illinois Appellate Court on November 14, 2001, and Ortega did not seek leave to appeal this decision to the Illinois Supreme Court. On May 31, 2002, Ortega mailed a petition seeking post-conviction relief to the Circuit Court of Cook County, Illinois, which was dismissed for having no merit on July 26, 2002. On December 16, 2003, the Illinois Appellate Court affirmed the dismissal of Ortega's post-conviction petition. Ortega filed a petition for leave to appeal to the Illinois Supreme Court on January 29, 2004, which was denied on March 24, 2004. Finally, on April 4, 2005, Ortega filed a petition for a writ of *habeas corpus* with this court.

## ANALYSIS

Respondent now moves to dismiss the instant action, arguing that the petition is untimely under 28 U.S.C. § 2244(d) ("Section 2244(d)"), which imposes a one-year statute of limitations on habeas petitions, subject to tolling for certain reasons. 28 U.S.C. § 2244(d). Section 2244(d) states that all federal habeas petitions must be filed within one year of the latest of "(1) the date the judgment becomes final or the expiration of time to seek review; (2) the date that the impediment to filing created by state action in violation of the Constitution is removed; (3) the date that the constitutional right asserted was recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence."

*Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005)(citing 28 U.S.C. § 2244(d)). The statute of limitations is tolled, however, "during such time that the petitioner has state post-conviction or other collateral review with respect to the pertinent judgment pending in state court." *Id.* The seventh circuit has also held that the statute of limitations can be tolled under the doctrine of equitable tolling "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Id.*

In response to the instant motion, Ortega argues that he was actually convicted by the jury on August 17, 2000, rather than December, 12, 1997, as alleged by Respondent, and that he was told by fellow inmates that he had a longer period of time in which to file his federal *habeas* petition. Ortega also claims that he did not receive the exhibits that must be attached to a motion to dismiss a *habeas* petition before he filed his response to the motion to dismiss. However, Respondent has stated in its reply brief that the exhibits were mailed to Ortega on two occasions, and the docket also reflects that Ortega was mailed the exhibits by Respondent. (Reply 2). In any event, Ortega's claim regarding the exhibits does not effect the disposition of the instant motion.

As to the date of Ortega's conviction, the December 16, 2003, order from the Illinois Appellate Court upholding the dismissal of Ortega's post-conviction petition reflects that the crime Ortega was convicted of was committed in July 1998, making it unlikely that he was convicted for that crime in 1997. (Ex. 5, 1). Ortega does not

3

dispute that his direct appeal was denied by the Illinois Appellate Court on November 14, 2001, and that he did not file a petition for leave to appeal to the Illinois Supreme Court. A conviction becomes final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari [was] finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 (1987). Ortega's conviction became final on December 16, 2003, when he did not appeal to the Illinois Supreme Court within the required 21-day period. Given that the statute of limitations under Section 2244(d) begins to run on the date a conviction becomes final and not when it was originally entered, and given the facts in this case as stated above, the exact date of Ortega's conviction is irrelevant to the instant motion to dismiss.

As stated above, the one-year statute of limitations under Section 2244(d) starts, generally, on "the date the judgment becomes final or the expiration of time to seek review." *Balsewicz*, 425 F.3d at 1032. In the instant case, the clock began to run on December 21, 2001, which is 21 days after Ortega's conviction was upheld by the Illinois Appellate Court and the date that Ortega's right to seek review on direct appeal expired. *See Aponte v. Sternes*, 2004 WL 2533791, at *2 (N.D. Ill. 2004)(starting the statute of limitations under Section 2244(d) 21 days after a petition for rehearing was denied); Ill. S. Ct. R. 315(b)(providing 21 days for the filing of a petition for leave to appeal to the Illinois Supreme Court). Thus, 177 days ran on the statute of limitations, from December 21, 2001, until May 31, 2002, the

date that Ortega mailed his post-conviction petition to the Illinois Circuit Court. The one-year statute of limitations was then tolled from May 31, 2002, until March 24, 2004, the date on which Ortega's petition for leave to appeal the denial of his state post-conviction petition was rejected by the Illinois Supreme Court. This means that the statute of limitations ran again for an additional 376 days, from March 24, 2004, until April 4, 2005, which is the date that the instant action was filed in this court. Therefore, in total, the statute of limitations has run for 553 days, which is well beyond the one-year limit required under Section 2244(d).

Ortega argues that he filed the instant action in an untimely manner due to advice that he received from fellow inmates. This, however, is not a sufficient reason for the court to equitably toll the statute of limitations. *See Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002)(stating that not even "a lawyer's mistake is . . . a valid basis for . . . equitable tolling"). Ortega has not provided any other reason for this court to apply the doctrines of equitable tolling. Based on the foregoing, we find that Ortega's petition for a writ of *habeas corpus* is barred by the one-year statute of limitations under Section 2244(d). Therefore, we grant Respondent's motion to dismiss the instant action in its entirety.

## CONCLUSION

Based on the foregoing analysis, we grant Respondent's motion to dismiss in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 16, 2005