# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NOE ORTEGA, | ) |
|             Petitioner, | ) |
| v. | ) No. 05 C 1934 |
| DEIRDRE BATTAGLIA, | ) |
|             Respondent. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Noe Ortega's ("Ortega") motion for the issuance of a certificate of appealability. For the reasons stated below, we deny the motion.

## BACKGROUND

Following a jury trial, Ortega was convicted of first-degree murder and was sentenced to 45 years of imprisonment, which Ortega is currently serving. According to Respondent, Ortega's conviction was on December 12, 1997, but according to Ortega his conviction was on August 17, 2000. Notwithstanding the date of Ortega's conviction, Ortega's conviction and sentence were upheld by the Illinois Appellate Court on November 14, 2001, and Ortega did not seek leave to

1

appeal this decision to the Illinois Supreme Court. On May 31, 2002, Ortega mailed a petition seeking post-conviction relief to the Circuit Court of Cook County, Illinois, which was dismissed for having no merit on July 26, 2002. On December 16, 2003, the Illinois Appellate Court affirmed the dismissal of Ortega's post-conviction petition. Ortega filed a petition for leave to appeal to the Illinois Supreme Court on January 29, 2004, which was denied on March 24, 2004. Finally, on April 4, 2005, Ortega filed a petition for a writ of *habeas corpus*, which this court denied on December 16, 2005, as being untimely. Ortega now seeks a certificate of appealability.

## LEGAL STANDARD

In order to appeal the denial of a petition for writ of *habeas corpus*, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c); *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004). A court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## ANALYSIS

In the instant motion, Ortega argues that his petition for a writ of *habeas corpus* was not time-barred because the statute of limitations should have been tolled until March 24, 2004, the date on which the Illinois Supreme Court rejected Ortega's petition for leave to appeal the denial of his state post-conviction petition. Under 28 U.S.C. § 2244(d) ("Section 2244(d)"), there is a one-year statute of limitations on federal *habeas* petitions, subject to tolling for certain reasons. 28 U.S.C. § 2244(d). Section 2244(d) states that all federal *habeas* petitions must be filed within one year of the latest of "(1) the date the judgment becomes final or the expiration of time to seek review; (2) the date that the impediment to filing created by state action in violation of the Constitution is removed; (3) the date that the constitutional right asserted was recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence." *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005)(citing 28 U.S.C. § 2244(d)). The statute of limitations is tolled, however, "during such time that the petitioner has state post-conviction or other collateral review with respect to the pertinent judgment pending in state court." *Id.* The seventh circuit has also held that the statute of limitations can be tolled under the doctrine of equitable tolling "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the *habeas* petition." *Id.*

As we stated in our December 16, 2005, opinion denying Ortega's petition for

3

a writ of *habeas corpus*, the one-year statute of limitations under Section 2244(d) starts, generally, on "the date the judgment becomes final or the expiration of time to seek review." *Balsewicz*, 425 F.3d at 1032. Contrary to Ortega's argument that the statute of limitations began to run on March 24, 2004, the clock in this case started on December 21, 2001, which is 21 days after Ortega's conviction was upheld by the Illinois Appellate Court and the date that Ortega's right to seek review on direct appeal expired. *See Aponte v. Sternes*, 2004 WL 2533791, at *2 (N.D. Ill. 2004)(starting the statute of limitations under Section 2244(d) 21 days after a petition for rehearing was denied); Ill. S. Ct. R. 315(b)(providing 21 days for the filing of a petition for leave to appeal to the Illinois Supreme Court). Thus, 177 days ran on the statute of limitations, from December 21, 2001, until May 31, 2002, the date that Ortega mailed his post-conviction petition to the Illinois Circuit Court. The one-year statute of limitations was then tolled from May 31, 2002, until March 24, 2004, the date on which Ortega's petition for leave to appeal the denial of his state post-conviction petition was rejected by the Illinois Supreme Court. This means that the statute of limitations ran again for an additional 376 days, from March 24, 2004, until April 4, 2005, which is the date that Ortega's petition for a writ of *habeas corpus* was filed in this court. Therefore, in total, the statute of limitations had run for 553 days at the filing of Ortega's petition, which is well beyond the one-year limit required under Section 2244(d). Accordingly, because Ortega has not shown that "reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner" *Slack*, 529 U.S. at 484, we deny Ortega's motion for the issuance of a certificate of appealability.

## CONCLUSION

For the foregoing reasons, we deny Ortega's motion for the issuance of a certificate of appealability.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 24, 2006